Ortiz v. Blanche

BIA
Brennan, IJ
A094 393 787

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MARIO R. ORTIZ,
> *Petitioner,*

v. 23-7530
NAC

TODD BLANCHE, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Steven Haskos, Relles Law, PLLC, White Plains, NY.

**FOR RESPONDENT:**  Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mario R. Ortiz, a native and citizen of El Salvador, seeks review of a September 27, 2023, decision of the BIA affirming a May 10, 2018, decision of an Immigration Judge ("IJ") denying his application for withholding of removal.[1] *In re Mario R. Ortiz*, No. A 094 393 787 (B.I.A. Sep. 27, 2023), *aff'g* No. A 094 393 787 (Immigr. Ct. N.Y.C. May 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA's decisions. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and

---

[1] The IJ found that any asylum claim would be time-barred, and Ortiz does not now challenge that determination or the denial of relief under the Convention Against Torture. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation and quotation marks omitted)).

questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To qualify for withholding of removal, Ortiz had to show past persecution or that he would "more likely than not" be persecuted if he returned to El Salvador and that the persecution was or would be because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2). On appeal to the BIA, Ortiz did not challenge the IJ's conclusion that he had not experienced past harm rising to the level of persecution, and he does not now challenge that finding or the BIA's conclusion that he had abandoned review of it. Thus, the only issue for review is the agency's conclusion that he failed to show he would more likely than not be persecuted. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (citation and quotation marks omitted)); *Debique*, 58 F.4th at 684–85 (finding claim abandoned where petitioner's brief failed to "state the issue *and* advance an argument"); *see also Prabhudial v. Holder*, 780 F.3d 553,

3

555–56 (2d Cir. 2015) (where the BIA finds an argument waived, "this Court's review is limited to whether the BIA erred in deeming that argument waived").

Absent a showing of past persecution, Ortiz had the burden to "demonstrate a clear probability of future persecution," *Jian Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021) (quoting *Hong Fei Gao*, 891 F.3d at 76), i.e., that he would "more likely than not" be persecuted on account of a protected ground, 8 C.F.R. § 1208.16(b)(2). Substantial evidence supports the agency's conclusion that Ortiz did not establish a clear probability of persecution—either because he resisted recruitment in the early 1990s or because he lied to the gang about why he could not help train them to use weapons and then fled El Salvador—by gang members. He testified that gangs generally recruit people younger than him, the claim was remote in time (i.e., it stemmed from events in the early 1990s), and he had no evidence that the gang members who tried to recruit him were alive or would retaliate against him for lying about his reasons for refusing to train them in the 1990s. *See Jian Liang*, 10 F.4th at 112; *see also Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) ("[W]e will uphold the [agency's] decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." (citation and quotation marks

4

omitted)); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (noting that the likelihood of a future occurrence is a factual finding); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Ortiz's arguments to the contrary are unavailing. First, he contends that the BIA never reviewed the IJ's factual findings regarding future persecution. To the contrary, the BIA indicated that it was reviewing the IJ's factual findings for clear error, recounted that specific finding from the IJ, and then cited the transcript, revealing that it reviewed whether the finding was supported by the record. *See* 8 C.F.R. § 1003.1(d)(3)(i) (providing that BIA reviews IJ's findings of fact for clear error); *see also Hui Lin Huang*, 677 F.3d at 134. Next, he argues that the agency misperceived the scope of his claim by focusing on recruitment rather than reprisals for lying, but the IJ identified both as bases for his fear, and while the BIA did not explicitly address reprisals, its conclusion that he had not met his burden given the "remoteness in time of his claim" applies equally to his fears of reprisal and recruitment. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("[W]e do not hold, and in fact we reject any implication that . . . where the BIA

5

has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (citation and quotation marks omitted)). As noted above, Ortiz had no idea if anyone who threatened him is still in a gang or alive, and he does not explain why or how the agency's remoteness finding is erroneous or why threats from 1994 establish that he is more likely than not to be persecuted now. *See Jian Liang*, 10 F.4th at 112; *Jian Hui Shao*, 546 F.3d at 157–58.

Because the failure to establish likely future persecution is dispositive of withholding of removal, 8 C.F.R. § 1208.16(b)(2), we do not reach Ortiz's arguments regarding the cognizability of his proposed particular social group of former members of the military, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6